IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NELSON | No C-09-3964 VRW (PR) |
|     Petitioner, | |
|     v | ORDER TO SHOW CAUSE |
| BEN CURRY, Warden, | |
|     Respondent. | |

Petitioner, a state prisoner incarcerated at the Correctional Training Facility in Soledad, California, has filed a pro se petition for a writ of habeas corpus under 28 USC § 2254 challenging the California Board of Parole Hearings' ("BPH") refusal to grant him parole at his initial parole hearing held on June 28, 2007.  Petitioner has paid the $5.00 filing fee.

I

Petitioner was convicted by a jury in Los Angeles County superior court of first degree murder with an attached firearm use enhancement and was sentenced to an indeterminate term of 25 years

to life in state prison plus a determinate term of two years. Doc #1 at 2.

On June 28, 2007, BPH held petitioner's initial parole suitability hearing, found him unsuitable for parole and deferred his next hearing for four years. Doc #1 at 5-6.

Petitioner has unsuccessfully challenged BPH's decision in the state courts. Doc #1 at 4-5. On June 10, 2009, the Supreme Court of California denied his petition for writ of habeas corpus. Id at 5.

II

This court may entertain a petition for a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 USC § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id § 2243.

Petitioner seeks federal habeas corpus relief from BPH's decision to deny him a parole date at his initial hearing on June 28, 2007. Among other things, petitioner claims BPH's decision is not supported by some evidence and that BPH violated his due process rights by postponing his initial parole suitability hearing for three years. Liberally construed, petitioner's claims appear colorable under § 2254 and merit an answer from respondent. See **Biggs v Terhune**, 334 F3d 910, 914-15 (9th Cir 2003) (finding that

2

initial refusal to set parole date for prisoner with 15-to-life sentence implicated prisoner's liberty interest in release on parole which cannot be denied without adequate procedural due process protections).

### III

For the foregoing reasons and for good cause shown,

1. The clerk shall serve by certified mail a copy of this order and the petition and all attachments thereto on respondent and respondent's attorney, the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

2. Respondent shall file with the court and serve on petitioner, within 60 days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within 30 days of his receipt of the answer.

3. In lieu of an answer, respondent may file a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the

3

**United States District Court**
For the Northern District of California

1  court and serve on respondent an opposition or statement of
2  non-opposition within 30 days of receipt of the motion, and
3  respondent shall file with the court and serve on petitioner a reply
4  within 15 days of receipt of any opposition.
5            4.   Petitioner is reminded that all communications with
6  the court must be served on respondent by mailing a true copy of the
7  document to respondent's counsel.  Petitioner must also keep the
8  court and all parties informed of any change of address.

10           IT IS SO ORDERED.

                                    _____
                                    **VAUGHN R WALKER**
                                    **United States District Chief Judge**

27 `G:\PRO-SE\VRW\HC.09\Nelson-09-3964-bph-osc.wpd`