**FILED**

APR 20 2011

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES NELSON,<br><br>　　　　Petitioner,<br><br>　vs.<br><br>BEN CURRY, Warden,<br><br>　　　　Respondent. | No. C 09-3964-JW (PR)<br><br>ORDER DENYING PETITION FOR<br>WRIT OF HABEAS CORPUS;<br>DENYING CERTIFICATE OF<br>APPEALABILITY |

　　　　Petitioner filed a pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 in which he claimed that a decision by the Board of Parole Hearings finding him not suitable for parole violated his right to due process because it was not supported by sufficient evidence. Doc. #1. Petitioner also claimed the decision denying him parole for four years amounts to a violation of due process and his right to be free from cruel and unusual punishment and that a three-year postponement for his initial parole hearing violated due process. Id. Respondent filed an answer and supplemental briefing, Doc. ## 6 & 9, and Petitioner filed a traverse and supplemental briefing. Doc. ## 7 & 10.

　　　　Earlier this term, the United States Supreme Court made clear that in the context of a federal habeas challenge to the denial of parole by a prisoner subject to

a parole statute similar to California's, due process entitles the prisoner only to an opportunity to be heard and a statement of the reasons why parole was denied. Swarthout v. Cooke, 131 S.Ct. 859, 862–63 (2011) (per curiam). Here, the record shows Petitioner received at least this amount of process. See Doc. ## 6-1 at 19–31; Doc. #6-9 at 39. The Constitution does not require more. Swarthout, 131 S.Ct. at 862. Petitioner therefore is not entitled to relief on any of his due process claims.

Petitioner also is not entitled to relief on his claim that the decision denying him a subsequent hearing for four years violates his Eighth Amendment right to be free from cruel and unusual punishment. Petitioner is serving a sentence of twenty-seven years to life for first degree murder with an attached firearm enhancement.

It is well settled that the Eighth Amendment does not require strict proportionality between crime and sentence; rather, it forbids only extreme sentences that are "grossly disproportionate to the crime." Ewing v. California, 538 U.S. 11, 23 (2003). A life sentence for the crime of murder is not disproportionate to the crime committed. Cf. Ewing, 538 U.S. 11 (sentence of twenty-five years to life for grand theft did not violate Eighth Amendment's prohibition against cruel and unusual punishment); Harmelin v. Michigan, 501 U.S. 957 (1991) (life sentence for cocaine possession does not violate Eighth Amendment because not "grossly disproportionate" to crime); Hutto v. Davis, 454 U.S. 370 (1982) (rejecting an Eighth Amendment challenge to a prison term of forty years and a fine of $20,000 for possession and distribution of approximately nine ounces of marijuana).

Because petitioner's original sentence of twenty-seven years *to life* does not amount to cruel and unusual punishment, cf. Ewing, 538 U.S. 11, the four-year postponement of his subsequent parole hearing by definition cannot amount to cruel and unusual punishment.

For the foregoing reasons, the instant federal petition for a writ of habeas corpus is DENIED. Further, a certificate of appealability is DENIED. See Rule

2

11(a) of the Rules Governing Section 2254 Cases. Petitioner has not made "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). Petitioner may not appeal the denial of a certificate of appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure. See Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions as moot, enter judgment in favor of Respondent and close the file.

IT IS SO ORDERED.

DATED: April 15, 2011

JAMES WARE
United States District Chief Judge